```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

| | | |
|---|---|---|
| JEROME P. NORRIS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:11cv861-MHT |
| | ) | (WO) |
| GKN WESTLAND AEROSPACE, | ) | |
| INC., | ) | |
| | ) | |
|    Defendant. | ) | |

## OPINION AND ORDER

The cause is before the court on motions to strike filed by defendant GKN Westland Aerospace, Inc. (Westland) and plaintiff Jerome Norris.

## I. Westland's Motion to Strike

Westland asks the court to strike certain evidence from the record on summary judgment. The Federal Rules of Civil Procedure restrict the use of a motion to strike to the pleadings. A motion to strike is not an appropriate vehicle for a general attack on the government's affidavits and evidence. See Lowery v.

Hoffman, 188 F.R.D. 651, 653 (M.D. Ala 1999) (Thompson, J.); Fed. R. Civ. P. 12(f).

The correct approach is to object to an opposing party's factual assertion on the ground that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The court will therefore construe Westland's motion to strike as notice of objections in accordance with Federal Rule of Civil Procedure 56. Where those objections bear on the disposition of Westland's motion for summary judgment, they will be discussed in this court's summary judgment opinion.

II. Norris's Motion to Strike

Norris asks the court to strike certain portions of Westland's reply brief in support of summary judgment. He contends that Westland raised a new argument in its reply brief for the first time and that the argument should be stricken as beyond the permissible scope of a

2

reply brief.  Again, motions to strike are properly filed in reference to pleadings, not briefs.  Fed. R. Civ. P. 12(f).  However, the court will construe this motion as a notice of objection to the scope of Westland's reply.

At issue is Westland's assertion that, because its supervisors fired Norris out of a "good faith belief" in his poor workmanship, it met its burden of offering a legitimate, non-discriminatory, non-retaliatory reason for firing him.  The court does not agree this is a new argument.  Westland's opening brief sought summary judgment on the ground that it had a legitimate reason for firing Norris which he had failed to rebut.  More specifically, it identified Norris's poor-quality workmanship as that reason and offered evidence tending to show that its supervisors acted because of that reason.  In response, Norris disputed his responsibility for several of the errors attributed to him.  By way of reply, Westland pointed out that it need only show its supervisors held a good-faith belief that he was

responsible for the errors.  This was an entirely proper use of the reply brief.

The court notes too that Westland's opening brief quoted <u>Clark v. Coats & Clark, Inc.</u>, 990 F.2d 127, 1228 (11th Cir. 1993), for the proposition that, "An employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for termination."  Def. Br. (Doc. No. 27) at 20.  Norris contends that this quotation is insufficient because the employer in the <u>Clark</u> case did not rely on the "good faith belief doctrine" and instead argued the employee's workmanship was truly of poor quality.  Mot. Strike (Doc. No. 42) at n.1.  The quotation, however, speaks for itself.  Its use in the opening brief should have put Norris on notice that pointing out inaccuracies in Westland's proffered logic may not meet its burden of revealing that logic as pretext.  If he felt the need to respond to this argument more fully following its presentation in the reply brief,

4

he should have asked leave of the court to file a sur-reply. His failure to do so is not fatal to his claim, however, as explained in the accompanying summary-judgment order.

                              ***

Accordingly, it is ORDERED that defendant GKN Westland Aerospace, Inc.'s motion to strike (Doc. No. 37) and plaintiff Jerome Norris's motion to strike (Doc. No. 42) are denied.

DONE, this the 5th day of February, 2013.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE